**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 12 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ROXANA MARICELA GONZALEZ
VELASQUEZ; DAYANA ANELISSE
CHAVEZ GONZALEZ

Petitioners,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    22-305

Agency Nos. A208-976-144
A208-976-145

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 10, 2023**
Seattle, Washington

Before:  HAWKINS, FLETCHER, and IKUTA, Circuit Judges.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Roxana Marciela Gonzalez Velasquez seeks review of an order of the Board of Immigration Appeals (BIA) affirming the decision of an Immigration Judge (IJ). The IJ denied her applications for asylum (on which her minor child Dayana Anelisse Chavez-Gonzalez is listed as a beneficiary), withholding of removal, and relief under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252(a)(1) and deny the petition for review.

Gonzalez Velasquez does not challenge the BIA's determination that she is not a member of her proposed particular social group of "romantic partners who are unable to leave the relationship," thereby forfeiting a challenge to the BIA's determination that she failed to establish a nexus between the alleged persecution and a protected ground. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079–80 (9th Cir. 2013); *Santos-Ponce v. Wilkinson*, 987 F.3d 886, 891 (9th Cir. 2021).

Substantial evidence supports the BIA's determination that Gonzalez Velasquez failed to establish eligibility for CAT protection based on her fear that her former romantic partner Omar will torture her upon her return to El Salvador with the consent or acquiescence of the Salvadoran government. The record shows that Gonzalez Velasquez continued to live in El Salvador for two years after leaving Omar, and Omar did not contact her or her family after they moved within

El Salvador nearly ten years ago. *See Garcia v. Wilkinson*, 988 F.3d 1136, 1148 (9th Cir. 2021).

**PETITION DENIED.**